IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:24CR524 RWS/NCC** |
| v. ) | |
| ) | |
| JOELLE FOUSE, ) | |
| ) | |
| Defendant. ) | |

FILED
OCT - 9 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNTS 1 – 3**
**WIRE FRAUD**

A.  INTRODUCTION

At all times relevant to the Indictment:

1.  Rainbow Village, Incorporated, now doing business as Promise Community Homes (hereinafter referred to as "Promise Community Homes") was established in 1973 to provide safe, affordable, and well-maintained neighborhood homes in support of the foundational needs of people with intellectual and developmental disabilities. Promise Community Homes is a charitable organization which has its main office located at 1240 Dautel Lane, St. Louis, Missouri.

2.  The defendant, **JOELLE FOUSE,** (hereinafter referred to as "**FOUSE**"), was the Manager/Director of Finance and Human Resources for Promise Community Homes beginning during October 2012 through her termination during December 2023. In her position, **FOUSE** was also the organization's administrator for personnel matters, and was responsible for payroll and maintaining the books and records for Promise Community Homes. **FOUSE** provided all payroll and expense reimbursement information to a third-party payroll company, TruPay Corporation (hereinafter referred to as "TruPay"), in order for Promise Community Homes'

employees to receive direct deposits into their personal bank accounts of their legitimate pay and expense reimbursements. TruPay was located in Mishawaka, Indiana, and **FOUSE** provided the information via the internet to TruPay from Promise Community Homes in St. Louis, Missouri. **FOUSE** was responsible for maintaining the financial and banking records for the organization. Further, **FOUSE** was issued a Central Bank of St. Louis Mastercard credit card by Promise Community Homes to be used to pay for legitimate organization expenses, such as necessary travel and other business expenses.

B. SCHEME TO DEFRAUD

3. Beginning in or about March 2013 and continuing through in or about December 2023, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendant,

**JOELLE FOUSE,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Promise Community Homes, in an approximate amount of $690,902.14, by means of materially false and fraudulent pretenses, representations, and promises.

4. It was a part of the scheme that, on one and more occasions, defendant **FOUSE**, without the knowledge and authority of Promise Community Homes and its administrators, provided false payroll information to TruPay which caused TruPay to make approximately 71 unauthorized payments, totaling approximately $139,810.93, via direct deposit to multiple bank accounts controlled by **FOUSE**. These unauthorized payments were in addition to the legitimate payroll funds **FOUSE** received. Defendant **FOUSE** then used those unauthorized funds for her own personal use, unrelated to the legitimate operations and business of Promise Community Homes, including to pay for travel, clothing, entertainment, restaurants, residential rent payments, cash withdrawals at ATM machines, and to pay for other personal day to day living expenses for

herself and her family members. Additionally, these unauthorized payments to **FOUSE** caused Promise Community Homes to overpay on the employer portion of its payroll taxes by approximately $10,694.03.

5. It was a further part of the scheme that, on one and more occasions, defendant **FOUSE**, without the knowledge and authority of Promise Community Homes and its administrators, provided false expense reimbursement information to TruPay which caused TruPay to make approximately 181 unauthorized payments, totaling approximately $407,186.92, via direct deposit to multiple bank accounts controlled by **FOUSE**. Defendant **FOUSE** then, again, used those unauthorized funds for her own personal use, unrelated to the legitimate operations and business of Promise Community Homes, including to pay for travel, clothing, entertainment, restaurants, residential rent payments, cash withdrawals at ATM machines, and to pay for other personal day to day living expenses for herself and her family members. In order to conceal this aspect of her scheme, when asked by Promise Community Homes Administrators during September 2023 to provide reports including expense reimbursement information, **FOUSE** provided false information in the form of altered reports, which did not include the falsely obtained expense reimbursements.

6. It was a further part of the scheme that, on one and more occasions, **FOUSE** used her Promise Community Homes issued Central Bank of St. Louis Mastercard credit card to make personal purchases, totaling approximately $133,210.26, unrelated to the legitimate business and operations of Promise Community Homes. These personal use credit card purchases were done by **FOUSE** without the knowledge and authority of Promise Community Homes and its administrators. In order to conceal this aspect of her scheme, **FOUSE** made false entries in Promise Community Homes' internal financial and accounting records falsely recording that these

credit card transactions were for legitimate organization expenses. **FOUSE** made approximately 184 unauthorized credit card purchases for personal use items and expenses.

C. THE WIRES

**COUNT ONE**

7. On or about December 7, 2021, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, and representations, the defendant,

**JOELLE FOUSE,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including a payment in the amount of $12,276.27, partially for defendant's personal expenses, charged on her Promise Community Homes Mastercard credit card issued by Central Bank of St. Louis, which transaction was initiated by defendant in St. Louis, Missouri, and which funds originated from Promise Community Homes' Central Bank of St. Louis account, and which funds were ultimately transmitted via the internet to Central Bank through its credit card payment processing center located in Plano, Texas.

In violation of Title 18, United States Code, Section 1343.

**COUNT TWO**

8. On or about July 14, 2023, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, and representations, the defendant,

**JOELLE FOUSE,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including false information via the internet from St. Louis, Missouri to Mishawaka, Indiana which information included a false expense reimbursement of $5,010.00, which caused TruPay to make a split direct deposit, including that $5,010.00, to multiple bank accounts controlled by **FOUSE**.

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

9. On or about September 8, 2023, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, and representations, the defendant,

**JOELLE FOUSE**,

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including false information via the internet from St. Louis, Missouri to Mishawaka, Indiana which information included a false expense reimbursement of $3,340.00, which caused TruPay to make a split direct deposit, including that $3,340.00, to multiple bank accounts controlled by **FOUSE**.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 3, the defendant shall forfeit to the United

States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $690,902.14.

3.  If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
HAL GOLDSMITH, #32984MO
Assistant United States Attorney